IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOY A. ALLEN | ) | |
| | ) | |
| v. | ) | NO. 3:20-01099 |
| | ) | |
| CHRISTINE WORMUTH, SECRETARY | ) | |
| DEPARTMENT OF THE ARMY, | ) | |

**TO: Honorable William L. Campbell, Jr., District Judge**

**REPORT AND RECOMMENDATION**

By Order entered February 5, 2021 (Docket Entry No. 7), the Court referred this *pro se* action to the Magistrate Judge for pretrial matters under 28 U.S.C. §§ 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Defendant's motion (Docket Entry No. 21) "to transfer venue to more appropriate forum and for partial dismissal." Plaintiff has responded in opposition to the motion. *See* Docket Entry No. 23. For the reasons set out below, the undersigned respectfully recommends that the motion be granted in part and denied in part, and that this action be transferred to the Eastern District of Virginia.

## I. BACKGROUND

Joy A. Allen ("Plaintiff")[1] is a resident of Hermitage, Tennessee. On December 22, 2020, she filed this *pro se* lawsuit against the Secretary of the Department of the Army

[1] Although Plaintiff filed her complaint under the name "Joy A. Allen a/k/a Sandra D." and filed a request to change her name to "Joy A. Miller," see Docket Entry No. 5, she has signed all of her pleadings as "Joy A. Allen."

("Department of the Army"). *See* Complaint (Docket Entry No. 1). Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), based upon events that occurred during 2015 and 2016 when she worked as a civilian contractor under the supervision of Department of the Army employees at a United States military installation in Kuwait, Camp Arifjan. *Id*. at 3-8. Specifically, Plaintiff alleges that: (1) she was denied religious accommodations; (2) she was subjected to a sexually hostile work environment that was not remedied upon her complaints; (3) she was disparately treated; and, (4) she was subjected to retaliation because of protected activity. *Id*. at 8-13.

Although no copies of any administrative decisions are attached to the complaint, Plaintiff asserts that she unsuccessfully pursued administrative remedies with the Equal Employment Opportunity Commission ("EEOC") prior to filing her complaint and received a right-to-sue notice no more than 90 days prior to filing her complaint. *Id*. at 1 and 6-8. Plaintiff asserts that federal question jurisdiction exists under 28 U.S.C. § 331 and that venue is proper in this District because she is a resident within the District and Defendant "regularly contracts and does business within the District." *Id*. at 2-3. After being served with process, Defendant filed the pending motion in lieu of an answer

## II. MOTION AND RESPONSE

Although the actual motion itself is not a model of clarity,[2] the crux of Defendant's argument is that this District is an incorrect venue for Plaintiff's Title VII lawsuit because venue

[2] Defendant's motion does not refer to Rule 12(b)(3) of the Federal Rules of Civil Procedure as the basis for the motion. However, because Defendant's supporting memorandum includes that reference, the Court construes the motion as seeking dismissal under Rule 12(b)(3) because of improper venue. The Court further views the reference in the motion to 28 U.S.C. §§

does not exist in this District under the specific venue provision applicable to Title VII cases that is set out at 42 U.S.C. § 2000e-5(f)(3). Defendant contends that under this provision the Eastern District of Virginia ("ED Virginia") is the proper venue for Plaintiff's lawsuit and that, if the Court declines to dismiss the lawsuit, the lawsuit should be transferred to the ED Virginia.

In response, Plaintiff argues primarily that Defendant misrepresents the standards for transferring her lawsuit under 28 U.S.C. § 1404(a), that transferring the lawsuit to the ED Virginia would create a great inconvenience to her, and that Defendant has not carried its burden of showing that a transfer of her lawsuit is justified. *See* Response in Opposition (Docket Entry No. 23) and Sur-Reply (Docket Entry No. 29).[3]

## III. ANALYSIS

A. Improper Venue

When a defendant asserts that venue is improper in the court in which a lawsuit is filed and seeks dismissal pursuant to Rule 12(b)(3), the burden of establishing venue falls on Plaintiff, and the Court may examine facts outside of the complaint but "'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Ian v. Bottom Line Record*

2406(a) and 2404 as a typographical error since neither statutory provision is applicable. Finally, at no point does Defendant actually seek a partial dismissal of any claims in this lawsuit despite making that request in the style of the motion, and the Court therefore ignores this request.

[3] Plaintiff devotes much of her opposition to the motion to arguments concerning dismissal for failure to state a claim under Rule 12(b)(6), personal jurisdiction, and the level of contacts of Consolidated Analysis Centers, Incorporated, ("CACI"), with this District. However, Defendant does not seek dismissal of her claims under Rule 12(b)(6) and arguments about personal jurisdiction and the contacts of CACI with this District are not relevant to determining proper venue, which is the only matter that is at issue. Accordingly, the Court will not further address Plaintiff's irrelevant arguments.

*Co.*, 2016 WL 8711721, at *2 (M.D. Tenn. July 1, 2016) (Crenshaw, J.) (quoting *Gone to the Beach, LLC, v. Choicepoint Serv.*, 434 F.Supp.2d 534, 536–37 (W.D. Tenn. 2006); *Marion v. Conley*, 2006 WL 4608613, at *1 (E.D. Tenn. Oct. 4, 2006).

The requirements for venue are set by statute. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). In the instant case, Defendant is correct that the proper venue for this lawsuit is determined by 42 U.S.C. § 2000e–5(f)(3), which is the specific statutory venue provision governing Title VII actions. Because Congress has set out a specific venue provision within Title VII for claims arising under that statute, the general venue provisions set out in 28 U.S.C. § 1391 do not control the issue of proper venue. *See Downing v. Foley & Lardner LLP*, 2010 WL 1494767, at *3 (E.D. Mich. Apr. 9, 2010).

Under Section 2000e-5(f)(3),[4] a plaintiff may bring a Title VII action in any one of four possible judicial districts: (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment

[4] 42 U.S.C. § 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

practice; or, (4) if the respondent is not found within any district under the first three scenarios, within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e–5(f)(3); *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 959 (M.D. Tenn. 2008).

Nothing in Plaintiff's complaint or in her response to Defendant's motion show that her lawsuit may be brought within the Middle District of Tennessee under any of the venue rules set out in 42 U.S.C. § 2000e-5(f)(3). Plaintiff's claims are based entirely upon events that occurred in Kuwait, and there is nothing showing that this District is (1) the location where Plaintiff's employment records are maintained and administered, (2) the judicial district in which Plaintiff would have worked but for the alleged unlawful employment practices, or (3) the judicial district in which Defendant has its principal office. Thus, Plaintiff fails to show that proper venue exists in this District. *See Stamper v. Shinseki*, 2011 WL 3739217, at *3 (E.D. Tenn. Aug. 24, 2011) ("Venue is improper in the Eastern District of Tennessee under 42 U.S.C. § 2000e–5(f)(3) because none of the statutory grounds is applicable."); *Whipstock v. Raytheon Co*, 2007 WL 2318745, at *2 (E.D. Mich. Aug. 10, 2007) ("If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper.").

The only connection between Tennessee and the instant lawsuit is that Plaintiff now resides in this District. However, the district of plaintiff's residence does not provide a basis for venue under Title VII's venue provision. Although Plaintiff wishes to pursue her claims in this District, she cannot create venue where it does not otherwise exist. *See Buckley v. United States*, 2013 WL 2242995 (E.D. Tenn. May 21, 2013) (28 U.S.C. § 1391(e) does not create venue for a lawsuit against the United States or an agency of the United States in a district merely because an office of the federal defendant is located in that district).

B. Dismissal or Transfer

Having determined that Plaintiff's lawsuit has been improperly filed in this District, the question then becomes what to do with the case. 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). That is, upon finding that venue is improper in the district in which a case is filed, the Court has the discretion under 28 U.S.C. § 1406(a) to dismiss the case or to transfer the case to a district where venue is proper. *First of Michigan Corp. v. Branlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Defendant has not made an actual argument that dismissal of the case is warranted because of improper venue. Given Plaintiff's *pro se* status, her obvious desire to prosecute her claims, and the fact that she would be required to pay a new filing fee upon the dismissal of this case and the filing of a new case in the correct district, the Court finds that the interests of justice do not require dismissal of the lawsuit because of improper venue. Instead, the interests of justice support transfer of the lawsuit to the correct district. For the reasons set out in Defendant's motion and supporting memorandum, it appears that proper venue for Plaintiff's Title VII claims and her lawsuit is in the ED Virginia. Accordingly, it is in the interest of justice to transfer this case to that district. *See Jenkins v. West*, 1995 WL 704018, at *1 (D.D.C. Oct. 23, 1995) (employment discrimination claims against Department of the Army based upon events occurring overseas were transferred to ED Virginia upon finding of improper venue in the district where case was filed).

Although both parties discuss transferring Plaintiff's lawsuit pursuant to 28 U.S.C. § 1404(a), this discussion is misplaced in this case because transfer of a case under Section

1404(a) is implicated only when the case has been filed in a proper district in the first instance. *See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *K-Tex, LLC v. Cintas Corp.*, 693 Fed.App'x 406, 409 (6th Cir. 2017); *Wright v. Comm'r of Soc. Sec.*, 2008 WL 2246043, *2 (E.D. Mich. May 30, 2008) ("In short, a transfer under § 1404 must be from proper district to proper district and a transfer under § 1406 must be from improper district to proper district."). When a lawsuit has been filed in an incorrect district venue wise, such as has occurred in the instant case, transfer may occur only pursuant to Section 1406. The factor of convenience of the parties and witness, which is contained within Section 1404(a) but not in Section 1406(a), is not a relevant factor that must be considered.

**R E C O M E N D A T I O N**

For the reasons set out above, the it is respectfully RECOMMENDED that Defendant's motion to dismiss (Docket Entry No. 21) be:

1) DENIED to the extent that Defendant seeks dismissal of this lawsuit under Rule 12(b)(3); and,

2) GRANTED to the extent that Defendant seeks transfer of this lawsuit to the appropriate venue. In accordance with 28 U.S.C. § 1406(a), this case should be transferred to the Eastern District of Virginia.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the

District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge